CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Eastwind Carriers (U.K.), Ltd.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EASTWIND CARRIERS (U.K.) LTD.,

                Plaintiff,

v.

TRADHOL INTERNACIONAL, S.A.,

                Defendant.
-----------------------------------------------------------------X

08 CV 2999

VERIFIED COMPLAINT

Plaintiff EASTWIND CARRIERS (U.K.) LTD. (hereinafter "Eastwind"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, TRADHOL INTERNACIONAL, S.A. (hereinafter "Tradhol"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the district court has original subject matter jurisdiction, exclusive of the states, pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, plaintiff Eastwind was, and still is, a foreign business entity duly organized and existing pursuant to the laws of a foreign country.

3. At all times material hereto, the plaintiff Eastwind was the disponent owner of the ocean going oil tanker known as the M/T ADRIATIC WIND.

4. The primary business of Eastwind is to charter vessels, such as the M/T ADRIATIC WIND, to others for the carriage of cargo in exchange for payments of hire and/or freight.

5. Eastwind maintains its offices and principal place of business at 3 Southwark Street, London, SE1 1RQ, United Kingdom.

6. At all times material hereto, defendant Tradhol was, and still is, a foreign business entity duly organized and existing pursuant to the laws of Spain.

7. The defendant Tradhol is engaged in the business of trading cargoes of ethanol and, as part and parcel of its normal trading activities, the defendant Tradhol frequently charters ocean going tank vessels to transport its cargoes of ethanol.

8. The defendant Tradhol maintains its office and principal place of business at Ctra. de Humera, Pozuelo de Alaracon, Madrid, Spain.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

9. On December 21, 2006 and, again, on March 30, 2007, the plaintiff Eastwind, as the disponent owner of the ocean-going vessel M/T ADRIATIC WIND, entered into two separate charter party contracts with the defendant Tradhol, as charterer,

whereby defendant Tradhol hired the M/T ADRIATIC WIND to carry Tradhol's cargoes of ethanol from ports in Brazil to ports in Nigeria in exchange for payments of freight.

10. The charter party contracts between plaintiff Eastwind and defendant Tradhol are maritime contracts.

11. The main terms of the maritime contracts were set forth in "fixture confirmations" dated December 21, 2006 and March 30, 2007, and both of the fixture confirmations incorporated the terms and conditions of the Asbatankvoy form of charter party and, also, Tradhol additional clauses.

12. In accordance with the terms and conditions of the charter parties, a specified amount of time was allowed to the charterer Tradhol for loading and discharging the M/T ADRIATIC WIND which is commonly referred to as "laytime."

13. In accordance with the terms and conditions of the charter parties, if the charterer Tradhol exceeded the allowable laytime, then Tradhol became liable for extended freight or "demurrage" in the amount of $14,000.00 for first charter party and $10,000.00 for the second charter party each of which was per day and pro rata as liquidated damages.

14. In accordance with the terms and conditions of the charter parties, the M/T ADRIATIC WIND carried Tradhol's cargoes of ethanol from Brazil to Nigeria on voyages referenced with numbers 14 and 15.

15. The cargoes of ethanol were discharged from the M/T ADRIATIC WIND in Nigeria, and the cargoes of ethanol were properly delivered to the receivers, *i.e.* Tradhol's customers.

16. In accordance with the terms and conditions of the charter party, the M/T ADRIATIC WIND earned demurrage on both voyage 14 and voyage 15 owing generally to delays in the berthing of the vessel and delays with the discharge of the cargo that caused the allowable laytime to be exceeded.

17. In accordance with the terms and conditions of the charter party contracts, the defendant Tradhol became obligated to pay the sum US $423,211.13 for voyage 14 and the sum of US $300,079.40 for voyage 15, as demurrage for a total amount of US $723,290.53.

18. The defendant Tradhol paid the sum of US $400,000.00, but despite due demand, the Defendant Tradhol has failed to pay the balance of the demurrage in the amount of US $323,290.53.

19. Because defendant Tradhol has failed to pay amounts due and owing under the charter parties between plaintiff Eastwind and defendant Tradhol, the defendant Tradhol is in breach of the charter party maritime contracts.

20. The charter party contracts between the plaintiff Eastwind and defendant Tradhol provide that any disputes arising out of the maritime contract will be referred to arbitration in London with English law to apply.

21. The plaintiff Eastwind is preparing to initiate arbitration proceedings against defendant Tradhol in London to recover the outstanding demurrage in accordance with the terms and conditions of the charter parties.

22. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

23. As best as can now be estimated, the plaintiff Eastwind expects to recover the following amounts in London arbitration from defendant Tradhol:

| | | |
|---|---|---|
| A. | Principal claim for demurrage: | $ 323,290.53; |
| B. | Estimated interest on claims:<br>3 years at 8%, compounded quarterly | $ 86,720.03; |
| C. | Estimated attorneys' fees for arbitration: | $ 50,000.00; |
| D. | Estimated arbitration costs/expenses: | $ 15,000.00 |
| **Total** | | **$ 475,010.56** |

PRAYER FOR RELIEF

24. Notwithstanding the fact that the liability of the defendant Tradhol is subject to determination by an arbitration tribunal in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendants within this District and held by various non-parties, as garnishees.

25. Plaintiff Eastwind believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made by defendant Tradhol to other vessel owners in U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being electronically transferred, *i.e.* EFTs, through intermediary banks, are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

26. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant Tradhol cannot be "found" within this District within the meaning of Rule B of

the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

27. Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for issuance of a Rule B Process of Maritime Attachment and Garnishment are met and plaintiff seeks the issuance of Process of Maritime Attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant, in the event that the defendants challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

28. In addition to an attachment in the full amount of the principal claim as set forth above, plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in arbitration pursuant to the London Maritime Arbitration Association's rules.

WHEREFORE, Plaintiff prays as follows:

A. That the defendant be summoned to appear and answer this Verified Complaint;

B. That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its property, tangible or intangible, belonging to or claimed by the defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay plaintiff's damages;

  C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of plaintiff for the amount of its claim with costs, *i.e.* **US $475,010.56,** and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

  D. That plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
   March 21, 2008

           CHALOS, O'CONNOR & DUFFY, LLP
           Attorneys for Plaintiff,
           EASTWIND CARRIERS (U.K.) LTD.

     By: *[signature]*
        Owen F. Duffy (OD-3144)
        George E. Murray (GM-4172)
        366 Main Street
        Port Washington, New York 11050
        Tel: (516) 767-3600
        Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND CARRIERS (U.K.) LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EASTWIND CARRIERS (U.K.) LTD.,

                       Plaintiff,

            08 CV _____ (___)

    v.

            **VERIFICATION**

TRADHOL INTERNACIONAL, S.A.,

                       Defendant.
-----------------------------------------------------------------X
STATE OF NEW YORK   :
                          : ss.
COUNTY OF NASSAU   :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.      That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, EASTWIND CARRIERS (U.K.) LTD., herein;

      2.      That he has read the foregoing complaint and knows the contents thereof;

      3.      That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4.  That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       March 21, 2008

By: _____

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND CARRIERS (U.K.) LTD.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
March 21, 2008

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2